***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Hall and enters the following Opinion and Award:
 *********** MOTION TO SHOW CAUSE
Plaintiff filed a Motion to Show Cause with the Industrial Commission following the entry of the Opinion and Award by Deputy Commissioner Hall. Plaintiff's motion was held in abeyance pursuant to an April 14, 2010, order of the Commission. The Full Commission finds based on the *Page 2 
arguments presented by the parties, that Plaintiff's Motion is without good grounds and is hereby DENIED.
 *********** EVIDENTIARY MATTERS
On February 15, 2010, Defendant filed with the Industrial Commission a Motion to Reopen the Record and Receive Additional Evidence. Pursuant to N.C.I.C. Rule 701(6) and in the discretion of the Full Commission, Defendant's Motion to Reopen the Record and Receive Additional Evidence was granted by Order of Commissioner Dianne C. Sellers. Pursuant to that Order, Defendant's exhibits A through F have been received into evidence.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The date of the injury which is the subject of this claim is October 4, 2007.
2. On such date, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On such date, an employment relationship existed between Employee-Plaintiff and Employer-Defendant.
4. On such date, Employer-Defendant employed three or more employees.
5. Employer-Defendant is self-insured and Key Risk Management Services is the third-party administrator.
6. Plaintiff's average weekly wage is $279.90, which yields a compensation rate of $186.61. *Page 3 
7. Defendants filed a Form 60 dated October 24, 2007, which accepted Employee-Plaintiff's right shoulder impingement injury as compensable.
8. Defendants have paid $186.61 weekly in temporary total disability benefits from October 12, 2007 through April 29, 2008 and from June 3, 2008 through the present date.
9. Plaintiff's issues for hearing:
 a. Whether Plaintiff is entitled to sanctions and attorney fees for Defendants' failure to follow the Act's Preauthorization Statute.
 b. What further medical treatment is Plaintiff entitled to?
10. Defendant's issues for hearing:
 a. Whether Employee-Plaintiff's cervical conditions are causally related to the October 4, 2007 accident.
 b. Whether the cervical diskectomy recommended by Dr. Henry A. Pool is treatment reasonably necessary to effect a cure and/or lessen the period of disability for Employee-Plaintiff's compensable injury?
 ***********
The following were marked and received into evidence as:
 EXHIBITS 1. Stipulated Exhibit 1 — Medical records.
 2. Defendant's Exhibits A through F per order of Commissioner Sellers.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 4 
1. Plaintiff is 50 years old and has a tenth grade education. Plaintiff worked for Defendant as a cook in the school cafeteria.
2. On October 4, 2007, Plaintiff reached above her head to grab a case of milk when she felt pain in her right shoulder, neck, and back. Plaintiff filed a Form 18 on June 16, 2008, and listed right shoulder, neck, and back as the body parts she injured.
3. Defendant accepted this claim on a Form 60 filed on October 30, 2007, that described the injury as "R shoulder impingement with possible rotator cuff tear." Defendant did not deny that Plaintiff suffered a compensable injury by accident in the course and scope of her employment and has never filed a Form 61 in this case.
4. Plaintiff presented to PrimeCare on the date of her injury and complained of right shoulder pain. It was further noted that Plaintiff had pain in the trapezius muscle. Plaintiff was referred to an orthopaedic physician for further evaluation.
5. Defendant authorized Plaintiff to see Dr. Frank Rowan with Guilford Orthopaedic and Sports Medicine Center. Dr. Rowan initially diagnosed right shoulder impingement syndrome. After conservative measures failed, Dr. Rowan performed arthroscopic decompression of the right shoulder on January 16, 2008. Plaintiff went through a course of physical therapy and work conditioning after surgery.
6. On April 8, 2008, Plaintiff reported a set-back and an increase of pain in her shoulder. Injection therapy failed to control her pain. On June 3, 2008, Dr. Rowan noted Plaintiff suffered from cervical spondylosis and degenerative disk disease. Dr. Rowan further noted that it was his opinion that the work place incident caused or significantly contributed to the cervical spondylosis and degenerative disk disease. After a MRI revealed disk material bulging *Page 5 
into the foramen, Dr. Rowan assessed Plaintiff with right-side C5-6 radicular pain and referred Plaintiff to a neurosurgeon for further evaluation.
7. Dr. Rowan has not rated and released Plaintiff with respect to her shoulder. Dr. Rowan believed Plaintiff had two problems, a shoulder injury, and a cervical spine injury. Dr. Rowan opined, and the Commission finds as fact, that the workplace incident caused or significantly contributed to the cervical spondylosis and degenerative disc disease that had been asymptomatic prior to the injury at work.
8. Defendant authorized Plaintiff to see Dr. Henry Pool, a neurosurgeon, on October 7, 2008, after which Dr. Pool wrote Dr. Rowan and noted that Plaintiff's MRI revealed a significant broad-based disk herniation off to the right side at C5-6. Dr. Pool recommended further testing and on October 23, 2008, recommended Plaintiff have a C5-6 cervical diskectomy and fusion.
9. Defendant denied Dr. Pool's recommendation for the cervical diskectomy and fusion. No Form 61 was filed.
10. On February 11, 2009, Dr. Pool completed a questionnaire presented by Plaintiff's counsel and indicated that the cervical fusion he recommended for Plaintiff was to effect a cure, provide relief, and lessen Plaintiff's period of disability. Dr. Pool noted that Plaintiff's need for the fusion was the result of her workplace injury and that Plaintiff risked future damage, pain, and dysfunction if she failed to receive the cervical fusion.
11. Dr. Pool further testified that he continued to agree with the questionnaire he completed on February 11, 2009, and that more likely than not Plaintiff's cervical problems were caused or at least exacerbated by her workers' compensation injury. Dr. Pool explained that in *Page 6 
the case of radiating pain, the absence of neck or back pain does not exclude it as being the source of the pain or problem.
12. Plaintiff filed a Form 33 requesting a hearing for a Medical Motion on February 3, 2009. Defendant argued that there were causation issues and for the first time requested that Plaintiff undergo an IME in their Form 33R filed on April 6, 2009. 13. The Medical Motion hearing was held by the Industrial Commission. A decision on the merits was not made. Instead, the Industrial Commission ordered Plaintiff to undergo an IME with Dr. Max Cohen, a physician chosen by Defendant.
14. Dr. Max Cohen performed an IME on Plaintiff on March 19, 2009. Dr. Cohen's impression was right shoulder adhesive capsulitis and C5-6 degenerative disc disease with probable C6 nerve root impingement. Dr. Cohen did not recommend the cervical fusion and determined that the best course of action was to send Plaintiff back to Dr. Rowan for further evaluation of the shoulder.
15. Dr. Cohen testified, and the Commission finds as fact, that the increase in Plaintiff's cervical symptoms was more likely than not related to her work injury.
16. As a result of continued pain and the C5-6 radiation, Plaintiff used her personal health insurance and had the cervical fusion recommended by Dr. Pool.
17. Dr. Rowan, Dr. Pool, and Dr. Cohen all testified that a woman with a limited education should not be expected to know the difference between the symptoms of shoulder impingement and cervical radiculopathy due to the overlapping of symptoms for these two conditions.
18. Defendant accepted that Plaintiff suffered an injury by accident on October 4, 2007, and the greater weight of the evidence indicates that Plaintiff suffered a specific traumatic *Page 7 
incident on October 4, 2007, as part of the same accident that caused or exacerbated Plaintiff's cervical condition.
19. Defendant has failed to authorize any further treatment for Plaintiff. They have denied the treatment recommended by the authorized treating physician, Dr. Pool, and failed to follow the recommendations of their selected IME physician, Dr. Cohen, who recommended that Plaintiff return to Dr. Rowan. Defendant has failed to authorize any treatment in this accepted claim since Plaintiff's IME with Dr. Cohen.
20. Defendant has not unreasonably defended this claim in light of the findings made in this Opinion and Award.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff suffered a compensable injury by accident and specific traumatic incident in the course and scope of her employment on October 4, 2007, while reaching above her head to get a case of milk. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to ongoing medical compensation. The medical treatment provided by Dr. Rowan and Dr. Pool was reasonable and related to Plaintiff's compensable injury and both physicians were selected by Defendant. Defendant shall pay for all medical treatment recommended by Dr. Rowan and Dr. Pool, including medical treatment to her cervical spine, so long as the same effects a cure, provides relief, or lessens the period of Plaintiff's disability. N.C. Gen. Stat. §§ 97-25, 97-25.1. *Page 8 
3. Defendant did not unreasonably defend this claim and Plaintiff is not entitled to attorney's fees under N.C. Gen. Stat. § 97-88.1. N.C. Gen. Stat. § 97-88.1
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Plaintiff's authorized treating physicians are Dr. Rowan and Dr. Pool. Defendant shall pay for all medical treatment recommended by these physicians so long as the same effects a cure, provides relief, or lessens the period of Plaintiff's disability. Defendant shall pay for the cervical procedure recommended and performed by Dr. Pool. Defendant shall make any reimbursement to Plaintiff and/or Plaintiff's health plan for any monies paid for the cervical procedure.
2. Defendant shall pay the costs.
This the 24th day of May, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
S/___________________ DIANNE C. SELLERS COMMISSIONER
S/___________________ PAMELA T. YOUNG CHAIR